**GILLESPIE et, Appellees v GRAY et, Appellants**

Ohio Appeals, 8th District, Cuyahoga County.

No. 18377.   Decided March 16, 1942.

Oviatt & Oviatt, Cleveland, for appellees.
William C. Dixon, Cleveland, for appellants.

(Judges of the Ninth District sitting by designation in place of Judges Lieghley, Morgan and Skeel, of the Eighth District.)

## OPINION

By DOYLE, PJ.

This action was commenced to contest the will of one Maria Gray. It was prosecuted by a son and a daughter of the testatrix, and defended by another son in his individual and representative capacity. The three persons named as parties in the caption of the suit constituted the entire family of the deceased.

The petition charged undue influence and lack of mental capacity of the deceased. At the conclusion of the trial a jury returned a verdict against the validity of the will. Judgment was entered thereon. An appeal on questions of law brings the record to this court for review.

Various errors are assigned. Among them are:

1. Error in "refusing to admit into evidence diaries of the testatrix offered by the defendants-appellants."

The deceased, for years prior to her death, had made diary entries recording various events occurring from day to day. The entries continued to a time a few days prior to her death.

Some of the various diary entries were offered in evidence, as well as the diaries themselves, by the defendants. In some instances attempt was made to use the diary entries in cross-examination to refute the testimony of witnesses. In other instances they were offered as evidence of the mental condition of the deceased.

Under the circumstances of this case, the diaries or entries therein were not admissible in evidence to prove facts therein stated, nor could the statements therein contained be used to refute on cross-examination the testimony of witnesses as to questions of fact. The entries in the diaries were, however, admissible in evidence as tending to prove the mental condition of the testatrix, and her intentions, at the times of the making of the various entries. See 20 Am. Jur., Evidence. Sec. 944.

The jury was entitled to consider them for these purposes, and the court erred in ruling to the contrary.

2. Error in "permitting lay witnesses for the plaintiffs-appellees to express an opinion as to the testimentary or mental capacity of the testatrix."

At one place in the record the following question and answer appears:

"Q. Do you think that she had the capacity for making a will?

"Mr. Dixon:   Object to that.

"A. No, she did not.

"The Court:   She may answer."

The court's ruling in this instance was erroneous. Bahl v Byal, et al., 90 Oh St 129. See, also, Niemes v Niemes, et al., 97 Oh St 145.

3. Error in that the trial court "did not properly and clearly define the degree of proof required to set aside a will * · *."

The court substantially charged the Ohio rule, and in this respect we find no prejudicial error. The rule is:

"In an action to contest a will, the jury should be instructed that, before it would be justified in setting aside a will, the evidence tending to invalidate the will must outweigh both the evidence tending to sustain the will and the presumption arising from the order of probate court admitting the will to probate as the valid last will and testament of the testator. Instructions should not limit the determination of such issue to the evidence introduced by either party exclusively, but the issue should be determined by the preponderance of all the evidence adduced in the case, regardless of which party may have called a witness or adduced the evidence."

**Van Demark v Tompkins, Exr., 121 Oh St 129.**

4. That the "verdict and judgment are contrary to law and are manifestly not sustained by the weight of the evidence."

On the issues of undue influence and mental incapacity, the members of this court are unanimously of the opinion that the verdict of the jury was manifestly against the weight of the evidence.

The foregoing recitation touches the most important charges made by the defendants. And while, in a consideration of the entire record, the error in claims No. 1 and No. 2 above might not be alone sufficient to reverse the case, nevertheless those errors, coupled with the state of the evidence in the record, does warrant a reversal.

The judgment is therefore reversed, and the cause remanded for a new trial.

STEVENS, J., and WASHBURN. J., concur.